IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01406-WDM-MEH

MARK DERR MARIANI,

    Plaintiff,

v.

JOSEPH STOMMEL, ADMINISTRATOR, *et al.*,

    Defendants.

___

### RECOMMENDATION FOR DISMISSAL
___

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

    Defendants have filed a Motion to Dismiss (Docket #10), and it has been referred to this Court (Docket #20). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**.

    All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Plaintiff, an inmate with the Colorado Department of Corrections (CDOC), was convicted pursuant to the Colorado Department of Corrections' Code of Penal Discipline (COPD) of "Rape, Attempt/Complicity" in 1995. His conviction was affirmed in *Mariani v. Colorado Department of Corrections*, 956 P.2d 625 (Colo. Ct. App. 1997). Thereafter, based on the disciplinary conviction, the CDOC classified Plaintiff as S-3 under CDOC Administrative Regulation 700-19 ("individuals who, while incarcerated, committed sex offenses against staff or offenders, or . . . displayed behaviors which are suggestive of sexual abuse"). Plaintiff alleges that this classification affects his ability to earn good-time credits, be transferred to a lower security facility, or obtain an earlier parole. He brings this lawsuit against Defendants pursuant to 42 U.S.C. § 1983.

In the first claim of his Amended Complaint, Plaintiff argues that his S-3 classification, which was given him without any process beyond that provided in connection with his disciplinary conviction, violates his constitutional rights under the Due Process Clause of the Fourteenth Amendment. In the second claim, he contends that the regulation which governs these matters, AR 750-02, is unconstitutional on its face.

Defendants have moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the various grounds discussed below. In the motion, the Defendants acknowledge that the Plaintiff brings the two claims set forth in the Amended Complaint. *See* Motion

to Dismiss, Docket #10, p. 2. However, the briefing and supporting authority contained within the Defendants' motion does not address Plaintiff's constitutional challenge to AR 750-02, but instead focuses solely on the due process violation alleged by the Plaintiff with regard to his S-3 classification. Accordingly, the Court deems the Motion to Dismiss to request dismissal of only the Plaintiff's first claim.

## DISCUSSION

**I.     Standard of Review.**

A.     Dismissal under 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

B.     Dismissal under 12(b)(6)

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is

apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

  C.  Dismissal of *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**II. DUE PROCESS CONCERNING CLASSIFICATION OF S-3**

  A.  The Parties' Positions

4

Plaintiff argues that being classified as S-3 based solely on an administrative conviction, without some additional due process, violates his constitutional rights. He argues that the evidentiary standard of "some evidence" that is necessary to sustain a COPD conviction, *see Mariani*, 956 P.2d at 630 ("A reviewing court must uphold the decision of the prison officials if supported by some evidence in the record."), is too low a threshold to justify an S-3 classification with all its possible negative consequences. According to the Amended Complaint, those consequences include loss of good time credits; labeling Plaintiff "for life"; forced sex offender treatment; and the loss of opportunity for parole.

Defendants argue that Plaintiff received all the process he was due during his COPD proceedings, and that this disciplinary conviction alone suffices to justify the S-3 classification (which explicitly applies to offenses committed while incarcerated) and the consequences arising therefrom.

B.   Discussion

The potential adverse consequences of a correctional facility's classification of an inmate as a sex offender, if the inmate *has not been convicted of a sex offense*, may be "something of value entitled to procedural due process." *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237, 1243 (10th Cir. 2000). *Chambers* arose under a factual situation in which an inmate who was classified as a sex offender and who was, for years, still given the full benefit of good time credits, had that benefit removed at some later point. The *arbitrary* removal of the benefit previously given to the sex offender inmate raised, in the Tenth Circuit's opinion, a liberty interest. 205 F.3d at 1243. Here, Plaintiff did not continue to receive any such benefit after being classified S-3, and the prison did not make any arbitrary decisions regarding his classification; his disciplinary conviction mandated his classification. Thus, because Plaintiff does have a prior conviction, and because he did not have

any benefits removed by an arbitrary decision of prison officials, *Chambers* provides him no consolation.

Regarding Plaintiff's allegations concerning the adverse consequences of his S-3 classification, the loss of an opportunity to earn good time credits because of a prisoner's reclassification does not deprive the prisoner of a constitutional right. *Smith v. Ortiz*, No. 05-1211, 2006 WL 620871 (10th Cir. Mar. 14, 2006) (citing *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978)).[1] Moreover, an inmate has no vested right in a particular parole date or parole hearing eligibility date. *Chambers*, 205 F.3d at 1241. However, in *Chambers*, the Tenth Circuit did find that the potential stigmatization of classification as a sex offender, if "*based on bare allegations which are vigorously denied and which have never been tested*," 205 F.3d at 1242 (emphasis added),[2] requires some procedural scrutiny. Unlike the *Chambers* case, Plaintiff's classification was not based on the bare allegations of an accuser, to which the accused was given no opportunity to respond, but rather on a disciplinary conviction (in which he was given due process, as he freely admits), which was upheld on appeal.

The Court agrees with Defendants that Plaintiff's COPD prosecution and conviction, which included an appeal to the Colorado Court of Appeals, supplied any necessary due process and takes this case out of the realm of *Chambers*. The *Chambers* court relied in large part on *Neal v. Shimoda*,

---

[1] In the *Ortiz* case, the inmate was convicted of a prison disciplinary offense, and as a result lost a prison job and was reclassified into administrative segregation. The Chafee County, Colorado district court ordered is conviction expunged. The prison expunged the conviction but left in place most of the consequences of the conviction, including the loss of the job and the loss of good and earned time credits. Because those consequences did not involve the loss of any constitutional rights, the Tenth Circuit affirmed the dismissal of the claims as legally frivolous.

[2] Chambers' classification was based on an incident that occurred prior to his incarceration; prison officials based their decision on an alleged victim's statements, but Chambers was never convicted of any crime arising from those allegations.

6

131 F.3d 818 (9th Cir. 1997), which found a due process liberty interest in not being classified as a sex offender, but which also held that as a matter of law, a prior conviction for a sex offense "in an adversarial setting" provides the inmate all the process he is due. Thereafter, "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction." 131 F.3d at 831. In a post-*Chambers* case, *Fistell v. Neet*, 125 Fed. Appx. 219 (10th Cir. 2005), the court found that when an inmate's classification as a sex offender implicates a liberty interest, he is entitled to (1) notice of the charges; (2) an opportunity to present witnesses and evidence; (3) a written statement by the factfinder of the evidence relied on and the reasons for the decision; and (4) some evidence supporting the decision. *Id.* at 224. As Defendants point out and Plaintiff admits, Plaintiff received all these during his disciplinary proceedings. He was due no additional process prior to his S-3 classification.

Plaintiff also alleges that his refusal to participate in treatment prevents him from community corrections placement. Excluding sex offenders from eligibility for community corrections does not raise a due process claim. *Riddle v. Mondragon*, 83 F.3d 1197, 1206 (10th Cir. 1996). Further, as Defendants point out in their Motion to Dismiss, an inmate has no right to placement at any particular facility.

Plaintiff further alleges that his rights were violated when the prison required him to confess to prior sex crimes in order to participate in sex offender treatment programs. Plaintiff is incorrect. *McKune v. Lile*, 536 U.S. 24 (2002) (adverse consequences faced by state prisoner for refusing to make admissions required for participation in sexual abuse treatment program does not amount to compelled self-incrimination).

Finally, the Court has found no precedent for Plaintiff's argument that the validity of the S-3

classification is affected by the fact that his conviction was not in a court of law but under the prison disciplinary system. First, the S-3 classification applies solely and explicitly to offenses committed while incarcerated. Second, such an argument is not properly considered within a suit under § 1983 in any event. Where a prisoner challenges the effect on his sentence of events that occur "subsequent" to his sentence, habeas corpus relief under 28 U.S.C. § 2241 is the appropriate remedy. *See Gomori v. Arnold*, 533 F.2d 871, 874 (3rd Cir. 1976). Prison security classifications are "a necessary tool in the management and control of the penal and correctional institutions," and as such, lie "within the sound discretion of the responsible administrative agency." *Marchesani v. McCune*, 531 F.2d 459, 461-62 (10th Cir. 1976). Judicial review of such discretionary decisions under a habeas request is very limited. *Id*.

Plaintiff may argue that he should be allowed time and opportunity to again amend his pleadings, in an attempt to overcome dismissal. While leave to amend "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), refusing leave to amend is justified if amendment would cause undue delay or undue prejudice to the opposing party, be offered in bad faith or under a dilatory motive, fail to cure deficiencies by amendments previously allowed, or be futile, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Courts may deny leave if the movant "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984) (citations omitted)).

Based on the record before the Court, granting leave to the Plaintiff to again amend his Amended Complaint in this matter would be untimely, because Plaintiff did not diligently pursue the

basis of any such amendments, and because the facts behind such amendments would have been known to the Plaintiff at the initiation of this action. Additionally, following the filing of a dispositive motion which challenges a plaintiff's allegations, the Court must be cautious in considering additional facts or legal theories, especially when a plaintiff is on notice that the allegations in the complaint were in some way deficient. *See generally Hayes v. Whitman*, 264 F.3d 1017, 1025-26 (10th Cir. 2001).

Finally, Plaintiff has proceeded in this Court consistently on one set of facts and theory of liability, *i.e.*, that his S-3 classification violates his constitutional rights under the Due Process Clause of the Fourteenth Amendment, instead of any other facts or theories of which the Plaintiff would have known, amounting to a choice made by the Plaintiff, not excusable neglect. Therefore, allowing the Plaintiff yet another opportunity to amend his pleadings would not be justified. The pleadings on file herein demonstrate, on their face, that Plaintiff's disciplinary proceeding and subsequent judicial appeal provided adequate due process protections. Accordingly, the Plaintiff cannot state a claim upon which relief can be granted with regard to the first claim of his Amended Complaint, and therefore, Claim One of this lawsuit should be dismissed.

## III.   ANY CLAIM FOR DAMAGES IS BARRED BY *HECK v. HUMPHREY*

*Heck v. Humphrey* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest, and ultimately his conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or

sentence has already been invalidated." *Id*. The Court's holding in *Heck* applies to prison disciplinary convictions as well. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

The *Heck* Court explained that demonstrating that a conviction or sentence has been invalided could be done by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote and citation omitted). In crafting this standard of proof, the Court drew an analogy to the "favorable termination" element in malicious prosecution actions. *See id*. at 484. *Heck* has been characterized by the Supreme Court as holding that where "a prisoner's § 1983 damages action would *implicitly question the validity of a conviction* or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004) (emphasis supplied). Therefore, favorable termination is not so much an element of a claim, but a prerequisite to commencement of § 1983 action which would call into question the lawfulness of a conviction or confinement, including those reached in disciplinary proceedings. The requirement of favorable termination prevents parallel litigation over the issues of probable cause and guilt, and the possible creation of conflicting resolutions arising out of the same or identical transactions. *See Heck*, 512 U.S. at 484.

The Defendants' position with regard to *Heck* is that a judgment in favor of the Plaintiff for damages would imply the invalidity of his disciplinary conviction. As noted above, Plaintiff's disciplinary conviction suffices to justify the constitutionality of his S-3 classification. To overturn the S-3 classification would be the equivalent of reversing his sex crime conviction.

10

Because any Section 1983 action for damages in this case would call into question the lawfulness of a conviction or confinement, Plaintiff must demonstrate favorable termination as a prerequisite to commencement of the action. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (if a Section 1983 action would imply the invalidity of depriving an inmate of good time credits, inmate must also show that such deprivation has been previously overturned); *Fistell v. Neet*, 125 Fed. Appx. 219, 224 (10th Cir. 2005) (applying *Heck* in the context of a challenge to sex offender classification); *Hampton v. Morton*, 141 F.3d 1184 (Table), 1998 WL 133808 at *1 (10th Cir. Mar. 25, 1998) (applying *Balisok* in determining whether sex offender designation may constitutionally result in removal of good time credits already earned). This he cannot do, nor does he attempt in his response to the Motion to Dismiss to dispute this argument. Accordingly, any damages aspect of this lawsuit is barred under *Heck* and should be dismissed.

**IV.    QUALIFIED IMMUNITY FOR DEFENDANTS OLIN AND MARTINEZ**

Public officials performing discretionary functions are accorded qualified immunity from liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order for officials to lose their qualified immunity, their conduct must violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. Plaintiff sues Defendants Olin and Martinez in their individual capacities with regard to Claim One of the Amended Complaint. Therefore, these individual Defendants are entitled to qualified immunity if the Plaintiff fails to establish a claim for violation of a constitutional right.

Even viewing the facts of the Amended Complaint in a light most favorable to the Plaintiff, he has failed to state a claim for violation of a constitutionally protected right with regard to his due process rights under Claim One of his Amended Complaint, and therefore, the individual Defendants

in this case are entitled to qualified immunity with regard to this claim. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (failure to make out a violation of a clearly established constitutional right is a failure to satisfy necessary threshold inquiry in determination of qualified immunity claim).[3]

## CONCLUSION

Based on the foregoing, and the pleadings on file herein, it is hereby **recommended** that Defendants' Motion to Dismiss [Filed November 28, 2005; Docket #10] be **granted** as to Claim One of the Amended Complaint and that claim should be dismissed in its entirety against all Defendants. Claim Two of Plaintiff's Amended Complaint, however, shall remain in controversy in this action.

Dated at Denver, Colorado, this 11th day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[3] Defendants have also made a statute of limitations argument. In this argument, it appears to the Court that Defendants incorrectly characterize Plaintiff's claim as challenging his 1994 conviction, rather than S-3 designation (which Plaintiff claims occurred in 2004, a fact Defendants do not dispute). Plaintiff's claim is timely as to the latter.