IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01406-WDM-MEH

MARK DERR MARIANI,

    Plaintiff,

v.

JOSEPH STOMMEL, et al.,

    Defendants.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Michael E. Hegarty, issued August 11, 2006, that Defendants' motion to dismiss be granted in part. Both parties have filed timely objections to the recommendation and are entitled to de novo review on those issues they specifically object to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Having reviewed the pertinent portions of the record in this case including the recommendation, the parties' briefs, and their objections, I conclude that the recommendation should be accepted, as discussed below.

    In this case, Plaintiff Mark Derr Mariani (Mariani), a prisoner with the Colorado Department of Corrections (CDOC), brings two claims pursuant to 42 U.S.C. § 1983 for relief arising out of the prison's decision to classify him internally as a sex offender. First, Mariani claims that Defendants violated his due process rights by labeling him a sex offender based solely upon a nine year-old prison disciplinary hearing conviction.

Second, Mariani claims that the CDOC's administrative regulations relating to the prison's classification system are facially unconstitutional.

In his recommendation, Magistrate Judge Hegarty concludes that Defendants' motion to dismiss should be granted as to Mariani's first claim, but denied as to his second claim. Both parties object to parts of this recommendation. I will begin with Defendants' objections.

1. Defendants' Objections

Magistrate Judge Hegarty recommends that Defendants' motion to dismiss be denied as to Mariani's second claim because Defendants' briefs and supporting authority do not address this claim. In their objections, Defendants notably do not dispute that they failed to address Mariani's second claim; rather, they attempt to rectify this apparent oversight in their objection. However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, I will reject Defendants' objections. Nevertheless, if Defendants wish to file an additional motion to dismiss addressing this issue, I will allow it.

2. Mariani's Objections

Mariani raises four issues in his objection. First, he argues that Magistrate Judge Hegarty erred in concluding that he was not entitled to any hearing or due process in 2005, when the CDOC decided to classify him as a sex offender. Mariani principally relies upon *Chambers v. Colorado Department of Corrections*, 205 F.3d 1237 (10th Cir. 2000), but this case is factually distinguishable. In *Chambers* the Tenth

Circuit held that where a prisoner had never received due process on a 1987 decision to classify him as a sex offender, a prison could not, in 1992, arbitrarily begin taking away good time credits based in part upon this sex offender classification. *Id.* Notably, *Chambers* involved a prisoner who had *never* received any hearing or due process on whether he had committed a sex offense. *Id.* at 1238. In contrast, Mariani admits that in 1995, he was convicted of complicity to rape (Compl. at 10) after a prison disciplinary hearing where he received notice of the charges against him, an opportunity to present evidence and witnesses in his defense, and a written statement of the reasons and evidence relied upon by the factfinder (Pl.'s Resp. at 11-12). The question then, is whether Mariani's 1995 conviction provides sufficient due process for his later classification, or whether the time lapse entitles him to further procedural safeguards before the prison can classify him as a sex offender.

*Chambers* does not expressly answer this question, but *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), a case cited with approval and relied heavily upon by the Tenth Circuit in *Chambers*, provides useful guidance. In *Neal*, the Ninth Circuit held that where a prisoner had, many years earlier, been convicted of a sex offense in an adversarial setting, "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." *Id.* at 831. Therefore, I agree with Magistrate Judge Hegarty that Mariani's 1995 prison disciplinary hearing provided him with all the process he is due.

Second, Mariani argues that he was denied due process in the 1995 prison disciplinary hearing because the officer presiding over the hearing was biased. Mariani

did not, however, make this argument in his briefs before Magistrate Judge Hegarty. As discussed above regarding Defendants' objections, I will not entertain new arguments raised for the first time in the objections to a magistrate's recommendation. *See Marshall*, 75 F.3d at 1426.

Third, Mariani argues that his due process rights were violated because he did not have counsel at the 1995 hearing. However, Mariani did not have a right "'to either retained or appointed counsel'" at his disciplinary proceedings. *Gwinn v. Awmiller*, 354 F.3d 1211, 1219-20 (10th Cir. 2004) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)).

Finally, Mariani argues that he was denied due process in the 1995 hearing because he was denied the opportunity to confront a confidential informant who testified against him. Mariani did not, however, raise this issue in his Complaint, nor did he state any facts in his Complaint that would support such a claim. Therefore, this objection will also be rejected.

In sum, I agree with Magistrate Judge Hegarty that Mariani's first claim should be dismissed, and his second claim should remain pending.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty, issued August 11, 2006 (Docket No. 21), is accepted as discussed above.

2. Defendants motion to dismiss, filed November 28, 2005 (Docket No. 10), is granted in part.

3. Plaintiff's first claim, asserting due process violations, is dismissed with

        prejudice.

4.       Plaintiff's second claim, asserting a facial challenge to the constitutionality of CDOC regulations, remains pending.

DATED at Denver, Colorado, on September 7, 2006.

                                    BY THE COURT:

                                    s/ Walker D. Miller  
                                    United States District Judge