IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01406-WDM-MEH

MARK DERR MARIANI,

      Plaintiff,

v.

JOSEPH STOMMEL, ADMINISTRATOR, *et al.*,

      Defendants.

---

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

      Defendants have filed a Supplemental Motion to Dismiss (Docket #29), and it has been referred to this Court (Docket #30). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**, resulting in the case being dismissed in its entirety.

      All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS[1]

Plaintiff, an inmate with the Colorado Department of Corrections ("CDOC"), was convicted pursuant to the Colorado Department of Corrections' Code of Penal Discipline ("COPD") of "Rape, Attempt/Complicity" in 1995. His conviction was affirmed in *Mariani v. Colorado Department of Corrections*, 956 P.2d 625 (Colo. Ct. App. 1997). Thereafter, based on the disciplinary conviction, the CDOC classified Plaintiff as S-3 under CDOC Administrative Regulation (AR) 700-19 ("individuals who, while incarcerated, committed sex offenses against staff or offenders, or . . . displayed behaviors which are suggestive of sexual abuse"). In his Complaint, Plaintiff alleged that this classification affects his ability to earn good-time credits, be transferred to a lower security facility, or obtain an earlier parole. He brought this lawsuit against Defendants pursuant to 42 U.S.C. § 1983, arguing that his S-3 classification, which was given him without any additional process, violates his constitutional rights under the Due Process Clause of the Fourteenth Amendment. Plaintiff also alleged that CDOC AR 750-02 is unconstitutional on its face, because it does not afford him any appeal. Defendants initially moved to dismiss the first claim, which this Court recommended be granted in its August 11, 2006 Recommendation for Dismissal, which was adopted by District

---

[1]The majority of these facts were stated in the Court's August 11, 2006, Recommendation but will be repeated here for the sake of convenience.

Judge Walker Miller on September 11, 2006.  Defendants now seek to dismiss the remaining claim.

## DISCUSSION

## I.    STANDARD OF REVIEW

To prevail on a facial challenge to an administrative regulation, the Plaintiff "'must establish that no set of circumstances exist under which the [regulation] would be valid.'" *Colorado Wild, Heartwood v. United States Forest Service*, 435 F.3d 1204, 1214 (10th Cir. 2006) (quoting *Public Lands Council v. Babbitt*, 167 F.3d 1287, 1293 (10th Cir. 1999)).  *See Davidson v. Mann*,129 F.3d 700, 702 (2nd Cir. 1997) (applying same test to prison regulation) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)).  Under *Turner v. Safley,* 482 U.S. 78, 89 (1987), a prison regulation that allegedly impinges on an inmate's constitutional rights "is valid if it is reasonably related to legitimate penological interests." *Id.* at 89. *Turner's* reasonableness standard requires a court to examine:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004).

## II.   CONSTITUTIONALITY OF AR 750-02

Colorado Department of Corrections Administrative Regulation Number 750-02 is attached to Plaintiff's Amended Complaint.  It is eight pages long and is titled "Administrative Review of Unadjudicated Offender," with an effective date of September 1, 2004.  Plaintiff alleges in his response to the supplemental motion to dismiss that AR 750-02 is unconstitutional "because it arbitrarily excludes S-3's from any appeals from the classification but not S-4's."

To the extent Plaintiff argues that something in the text of AR 750-02 is facially unconstitutional, his claim fails for lack of subject matter jurisdiction.  By its terms it applies to an unadjudicated offender, defined in the regulation as "[a]n offender sentenced to the Department of Corrections who has not been adjudicated of a sex offense by a court or administrative board."  AR 750-02(III)(I).   Plaintiff is an adjudicated offender under this definition, as noted in the Recommendation dated August 11, 2006.  Defendants argue, and I agree, that this regulation does not apply to the Plaintiff.  "A plaintiff bringing a facial challenge to a statute . . . must nonetheless establish an injury-in-fact sufficient to satisfy Article III's case-or-controversy requirement."  *Ward v. Utah*, 321 F.3d 1263, 1267 (10th Cir. 2003).  When a challenged law against which a party has brought a "facially unconstitutional" challenge does not apply to such party, the injury-in-fact requirement has not been met.  *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 (10th Cir. 2002).  Plaintiff's standing to bring this action implicates this Court's subject matter jurisdiction.  *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1211-12 (10th Cir. 2006) (citing *San Juan County, Utah v. United States*, 420 F.3d 1197, 1203 (10th Cir. 2005)).  Thus, there is no subject matter jurisdiction to proceed in this action.

To the extent Plaintiff is arguing that AR-750-02 is unconstitutional because it does not have (but should have) in its text the right of persons classified as S-3 to appeal such a classification, Plaintiff's claim is, in essence, a claim that he has not received due process concerning his S-3 classification.  *See* Plaintiff's Response to Defendants' Supplemental Motion to Dismiss, at 7 ("There is no logical difference in preventing S-3s, from appealing a prison COPD designation of 'sex offender' without a due process hearing. . . .  Plaintiff was grievously harmed and denied equal protection of the law and any due process it grants to S-4's.").  Under such an argument, his injury-in-

fact would be the lack of any appeal rights, which is a due process claim.  However, this Court, and District Judge Miller, have already found that Plaintiff received all the process he was due concerning his initial administrative conviction (which included an appeal to the Colorado Court of Appeals) and his S-3 classification.  Moreover, under Tenth Circuit law, the Due Process Clause does not require the right of an appeal of a sex offender classification.  *See Fistell v. Neet*, 125 Fed. Appx. 219 (10th Cir. 2005) (alleging that there was no administrative appeal from the sex offender label; court determined that due process requires only notice, inmate's opportunity to present witnesses and evidence, and a written statement explaining the evidence relied upon and the reason for the disciplinary action).  Therefore, this claim fails.

The remainder of Plaintiff's opposition to the Supplemental Motion to Dismiss constitutes an attempt to re-argue the issues decided by this Court and by District Judge Miller regarding the initial Motion to Dismiss.  These matters having already been disposed of in this case, it is not necessary to consider these arguments.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **recommended** that Defendants' Supplemental Motion to Dismiss [Filed September 28, 2006; Docket #29] be **granted**, and this case be dismissed.

Dated at Denver, Colorado, this 14th day of November, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge