IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01406-WDM-MEH

MARK DERR MARIANI,

    Plaintiff,

v.

JOSEPH STOMMEL, ADMINISTRATOR, *et al.*,

    Defendants.

_____

**RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff has filed a Motion to Amend Complaint (Docket #34), and it has been referred to this Court (Docket #37). The matter is briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court recommends that the Motion to Amend be **denied**.

    All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Plaintiff, an inmate with the Colorado Department of Corrections (CDOC), was convicted pursuant to the Colorado Department of Corrections' Code of Penal Discipline (COPD) of "Rape, Attempt/Complicity" in 1995. His conviction was affirmed in *Mariani v. Colorado Department of Corrections*, 956 P.2d 625 (Colo. Ct. App. 1997). Thereafter, based on the disciplinary conviction, the CDOC classified Plaintiff as S-3 under CDOC Administrative Regulation 700-19 ("individuals who, while incarcerated, committed sex offenses against staff or offenders, or . . . displayed behaviors which are suggestive of sexual abuse"). Plaintiff alleges that this classification affects his ability to earn good-time credits, be transferred to a lower security facility, or obtain an earlier parole. He brings this lawsuit against Defendants pursuant to 42 U.S.C. § 1983. In his Request for Relief (Amended Complaint, Docket #3) he seeks, among other things, declaratory relief: (1) to re-classify him as an S-2; (2) to give him an administrative appeal of his S-3 classification; (3) to hold that Administrative Rule 750-02 is unconstitutional; and (4) that he is not a sex offender.

Plaintiff brought two claims in this case: First, that his due process rights were violated in connection with the process by which he was classified S-3, and second, that Administrative Rule 750-02 is unconstitutional. This Court recommended dismissal of the first claim, Docket #21, which was adopted by the District Judge, Docket #25. This Court also recommended dismissal of the second claim, Docket #33, which is pending before the District Judge. Plaintiff now moves to amend

his complaint to insert a paragraph alleging that, as part of his due process claim, the hearing officer concerning his 1995 COPD conviction was biased and prejudiced against him because the hearing officer was "a convicted pedophile judging a sex offense COPD." Motion at 2.

## DISCUSSION

Plaintiff cites the appropriate authority for amending a complaint, but there are several dispositive reasons why the present motion must be denied. First, the request to add a paragraph alleging bias by the hearing officer is part of Plaintiff's claim that his due process rights were violated. That claim was dismissed by the District Judge on September 11, 2006. To the extent Plaintiff argues that now, more than 10 days after Judge Miller's decision, he has new evidence warranting the Court's reconsideration of the dismissal, Plaintiff must seek reconsideration pursuant to Fed. R. Civ. P. 60(b). *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). He may not use Fed. R. Civ. P. 15 to accomplish a reconsideration.

Second, because the Motion to Amend would be futile, it should be denied. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997). As noted in the Court's original Recommendation on the first claim, Plaintiff's allegation of a due process violation would necessarily imply the invalidity of his COPD conviction. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), even when the Plaintiff seeks only declaratory and injunctive relief (and not damages) concerning his administrative conviction, his claim is barred unless he can establish that the conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641 (1997) (prisoner alleging deceit and bias on the part of the decisionmaker); *see, also, Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005) (discussing same);

*Allen v. Winfield*, No. 3:04-cv-2504-B, 2006 WL 1674096, *6 (N.D. Tex. June 12, 2006) (also involving a claim of bias); *Cf. Lawson v. Engleman*, No. 03-7012, 67 Fed. Appx. 524, 526 & n.1 (10th Cir. June 6, 2003) (applying *Heck* to claims for declaratory and injunctive relief).

## CONCLUSION

Based on the foregoing, and the pleadings on file herein, it is hereby **recommended** that Plaintiff's Motion to Amend [Filed November 24, 2006; Docket #34] be **denied**.

Dated at Denver, Colorado, this 12th day of December, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge