IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01406-WDM-MEH

MARK DERR MARIANI,

    Plaintiff,

v.

JOSEPH STOMMEL, et al.,

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on two recommendations from Magistrate Judge Michael E. Hegarty, issued November 14, 2006, and December 12, 2006. Judge Hegarty recommends that Defendants' supplemental motion to dismiss be granted, and Plaintiff Mark Derr Mariani's (Mariani) motion to amend his complaint be denied. Mariani has filed timely objections to both recommendations and is entitled to de novo review on those issues he specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Having reviewed the pertinent portions of the record in this case including the recommendations, the parties' briefs, and Mariani's objections, I conclude that the recommendations should be accepted, as modified below.

Mariani, a prisoner with the Colorado Department of Corrections (CDOC), brought two claims pursuant to 42 U.S.C. § 1983 for relief arising out of the prison's decision to classify him internally as a sex offender. First, Mariani claimed that

Defendants violated his due process rights by labeling him a sex offender based solely upon a nine year-old prison disciplinary hearing conviction. Second, Mariani claimed that a CDOC administrative regulation relating to the prison's classification system (AR-750-02)[1] is facially unconstitutional. By order of September 7, 2006, I dismissed Mariani's First Claim and granted Defendants leave to file another motion to dismiss addressing Mariani's Second Claim.

1.  Motion to Dismiss

In his recommendation, Magistrate Judge Hegarty concludes that Mariani's Second Claim should be dismissed in part due to lack of standing, and in part because, as I have previously ruled, Mariani fails to state a claim for a violation of his due process rights. Generously construed, Mariani's brief raises four objections: (1) he has standing because he qualifies as an "unadjudicated offender" under AR-750-02 and therefore is entitled to the procedural rights provided therein; (2) he has standing because AR-750-02 arbitrarily excludes him from the procedural rights provided therein; (3) AR-750-02 is facially unconstitutional because it violates the due process rights of prisoners who are classified as S-3's;[2] and (4) AR-750-02 is facially unconstitutional because it violates the equal protection rights of prisoners who are

---

[1] AR-750-02 generally provides "unadjudicated offenders" with a right to a hearing before they can be classified as a sex offender. (*See* CDOC AR-750-02, attached to Amended Complaint, Docket No. 3) An "unadjudicated offender" is defined as a prisoner "who has not been adjudicated of a sex offense by a court or administrative board." *Id.* at ¶ III.I.

[2] The S-3 classification includes "[i]ndividuals who, while incarcerated, have committed sex offenses against staff or offenders, or who have displayed behaviors which are suggestive of sexual abuse directed towards another." (CDOC AR-700-19 at ¶ IV.A.3, attached to Amended Complaint, Docket No. 3)

classified as S-3's.

Before I proceed to the merits of Mariani's objections, I note that he is proceeding *pro se,* and that his amended complaint and briefs are far from models of clarity. As a result, it is fairly difficult to discern the exact nature of his claims, and this has apparently caused some confusion in this litigation. After careful consideration of Mariani's amended complaint, as informed by his response to Defendants' supplemental motion to dismiss, I conclude that Mariani's Second Claim is as follows. Mariani claims that two different aspects of AR-750-02 are facially unconstitutional: (1) that it arbitrarily excludes S-3's from coverage, and (2) that when a prisoner receives notice under AR-750-02 but does not respond, it is presumed that the prisoner agrees with the new classification. In addition, Mariani claims that this regulation is unconstitutional under two different clauses of the Constitution — the Due Process Clause and the Equal Protection Clause.

As for Mariani's first objection regarding standing, I first note that it is directly inconsistent with his second, and with the general thrust of his arguments throughout this litigation. But more importantly, Mariani did not raise this argument before Magistrate Judge Hegarty. As I informed both parties in a previous order, I will not entertain new arguments raised for the first time in the objections to a magistrate's recommendation. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). In any event, I agree with Judge Hegarty that because Mariani is not covered by AR-750-02, under *PeTA v. Rasmussen*, 298 F.3d 1198 (10th Cir. 2002), Mariani has no standing to challenge the validity of the presumptions it imposes on those who are covered.

3

As for Mariani's second objection, however, I agree in part. As for standing to challenge his exclusion from coverage under AR-750-02, *PeTA* is distinguishable, and I conclude that Mariani does have standing. In contrast to the statute at issue in *PeTA*, which made certain conduct a crime, the regulation at issue in this case benefits those who are covered by providing certain procedural rights. Due to this contrast, it is perfectly consistent with *PeTA* to conclude that Mariani has standing to challenge AR-750-02 even though it does not apply to him — indeed, it is this very fact that constitutes Mariani's injury-in-fact.

Moving on to Mariani's third and fourth objections, which address the merits of his claims, Defendants argue that Mariani's Second Claim must be dismissed because, contrary to his assertions, AR-750-02 does not provide a right to anyone. This argument, however, indicates a misunderstanding of Mariani's claims. Although Mariani's complaint and briefs often speak in terms of an appeal, what Mariani is really complaining about is that prisoners covered by AR-750-02 (generally S-4's)[3] get a hearing following their reclassification as a sex offender, while those not covered (generally S-3's) do not. Therefore, Defendants' argument is misguided.

Nonetheless, I conclude that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate in this case, albeit on grounds that were either not raised, or were not significantly developed in their motion to dismiss. *See McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (Rule 12(b)(6) dismissals typically follow notice to the

---

[3] The S-4 classification includes "[i]ndividuals whose history indicates sexual assaults or deviance for which they may not have been convicted," as well as "misdemeanor [] and juvenile convictions for sex offenses." (CDOC AR-700-19 at ¶ IV.A.2, attached to Amended Complaint, Docket No. 3)

4

plaintiff and an opportunity to amend, but *sua sponte* dismissal is acceptable when it is "patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation and citation omitted); *Gregory v. United States*, 942 F.2d 1498, 1500-01 (10th Cir. 1991) (same).

First, as to Mariani's due process argument, it is important to note that "[a] facial challenge to a [regulation] is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [regulation] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Embedded in this concept is the established "principle that a person to whom a [regulation] may constitutionally be applied will not be heard to challenge that [regulation] on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Mariani's facial challenge runs afoul of this latter principle. As my previous rulings have indicated, Mariani received all of the process he was due at his 1995 prison disciplinary hearing and at his appeal to the Colorado Court of Appeals. Given these prior rulings, I conclude that it is patently obvious that Mariani's due process challenge to AR-750-02 cannot succeed on these facts, and that amendment would be futile. Dismissal is therefore appropriate. *McKinney*, 925 F.2d at 365.

As for Mariani's equal protection argument, since he does not claim that any suspect classification is involved, he cannot prevail unless he can "prove that the distinction between himself and other inmates was not reasonably related to some

legitimate penological purpose." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). The Equal Protection Clause generally mandates that "all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). And, as I discussed in a previous order, the Tenth Circuit has indicated that there is a key difference, in terms of due process requirements, between prisoners who have never been found guilty of a sex offense and those who have. *Chambers v. Colorado Department of Corrections*, 205 F.3d 1237 (10th Cir. 2000). In light of *Chambers*, it is patently obvious that these two classes of inmates are not similarly situated and that the Colorado state prison system has legitimate penological interests in treating these two classes of prisoners differently. And, since amendment could not cure this defect, dismissal of Mariani's equal protection claim is therefore appropriate. *McKinney*, 925 F.2d at 365.

2.  Motion to Amend

On November 24, 2006, Mariani filed a motion for leave to file a second amended complaint, for the purpose of adding "a paragraph specifically complaining of bias and prejudice by the hearing officer in [his] 1995 [prison disciplinary] hearing." (Motion to Amend at 1, Docket No. 34) Magistrate Judge Hegarty recommends that I deny this motion on two grounds: (1) amendment would be futile because Mariani's due process claim would be barred by the *Heck v. Humphrey* 512 U.S. 477 (1994) line of cases; and (2) Mariani's request is in essence a motion for reconsideration, which must be brought under Fed. R. Civ. P. 60(b). Because I agree with Judge Hegarty's first reason, I will offer no opinion on the second.

In *Heck*, the Supreme Court held that a state prisoner cannot bring a claim under § 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence . . . unless [he] can demonstrate that the conviction or sentence has already been invalidated." Clearly Mariani's claim of bias implies the invalidity of his internal prison disciplinary conviction. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). However, that is not the type of "conviction or sentence" that *Heck* speaks of. Rather, *Heck* is concerned only with the "incarceration ordered by the original judgment of conviction." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (quoting *Muhammad v. Close*, 540 U.S. 749, 751 n.1 (2004)).

Nonetheless, Mariani's amended § 1983 claim would still be barred by the *Heck* line of cases. In *Edwards*, 520 U.S. at 646-48, the Supreme Court made it clear that *Heck* also barred § 1983 claims if a plaintiff's verdict would "necessarily imply the invalidity of the deprivation of his good-time credits." *See also Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006). In this case, Mariani alleges that his reclassification as a sex offender was based solely upon his 1995 internal prison disciplinary conviction, and that following his reclassification he lost three days of good-time credits per month because he would not admit to being a sex offender. If the 1995 conviction was invalid as Mariani claims, then under *Chambers*, 205 F.3d 1237, this loss of good time credits was invalid. Therefore, under *Edwards*, amendment of Mariani's § 1983 claim would be futile.

Accordingly, it is ordered:

1.   The recommendation of Magistrate Judge Hegarty, issued November 14, 2006

(Docket No. 33), is accepted as modified above.

2. Defendants' supplemental motion to dismiss, filed September 28, 2006 (Docket No. 29), is granted as discussed above.

3. Plaintiff's Second Claim is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

4. The recommendation of Magistrate Judge Hegarty, issued December 12, 2006 (Docket No. 38), is accepted as discussed above.

5. Plaintiff's motion to amend, filed December 26, 2006 (Docket No. 39), is denied.

6. This case is closed.

DATED at Denver, Colorado, on February 6, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge